**Charles CHRISTY**

**v.**

**PENNSYLVANIA TURNPIKE COMMIS-SION, Robert Brady, James L. Dodaro, Howard Yerusalim, Frank A. Ursomarso, James F. Malone, III, John L. Sokol, Jr., S. Michael Palermo, Joseph L. Dirienzo, Samuel S. Carnabuci, Melvin M. Shelton, Deborah Koval, John A. Boschi, Vincent J. Greco, John A. Stewart, George Pilecki and Sean Pilecki.**

Civil A. No. 93–3346.

United States District Court, E.D. Pennsylvania.

Jan. 4, 1996.

John P. Hickey, Imogene E. Hughes, Kleinbard, Bell & Brecker, Philadelphia, PA, for Plaintiff.

Michael M. Baylson, Frank E. Noyes, II, Duane, Morris & Heckscher, Philadelphia, PA, for Defendants (except Boschi).

David S. Fortney, Lisa G. DiPietro, Reed, Smith, Shaw & McClay, Philadelphia, PA, for Defendant—John Boschi.

**MEMORANDUM**

JOYNER, District Judge.

Movants are several defendants whose motions for summary judgment were denied by this Court's Memorandum and Order on November 6, 1995. They are: James Dodaro, Howard Yerusalim, Frank A. Ursomarso, James F. Malone, III, John L. Sokol, jr., S. Michael Palermo, Joseph L. Dirienzo, Samuel S. Carnabuci, Melvin M. Shelton, Deborah Koval, George Pilecki and Sean Pilecki. Movants ask this Court to certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) under the "collateral order doctrine." *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

Section 1292 provides the means for interlocutory appeals from District Court rulings. Section 1292(b) permits a district judge to certify certain orders for interlocutory appeal. Certification may be made when the judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). In *Johnson v. Jones*, — U.S. —, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the Supreme Court held that a Circuit Court could not take an interlocutory appeal under § 1292(b) when the appealed issue was one of fact. There, a plaintiff alleged that five police officers unreasonably beat him in the course of an

arrest. The District Court denied summary judgment for all five police officer defendants. Three of the defendants, however, attempted an interlocutory appeal. They argued that there was insufficient evidence to permit the district court to find a material issue of fact that they participated in the alleged beating and that therefore, they were entitled to qualified immunity. The Supreme Court held that the defendants could not "appeal a district court's summary judgment order insofar as that order determined whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." *Id.* at —, 115 S.Ct. at 2159.

Movants present this Court with four issues that they contend should be certified for interlocutory appeal. Of these four, three begin: "[w]hether the lack of any evidence that …," and end: "requires the grant of summary judgment." The fourth reads "[w]hether the Court improperly denied summary judgment without considering the individual facts and circumstances of each defendant." Movants assert that "[t]here is clearly a substantial difference of opinion as to whether these aspects of causation can be held for trial without any record evidence in these areas." Defs.' Brief at 11.[1]

Christy opposes the motion on the basis that none of Movants' proposed questions for appeal present an issue of law, as opposed to fact, and for that reason, none is appealable under § 1292(b).

■ We find that this case is squarely within the ambit of *Johnson.* There, the Supreme Court held that a district court's determination that questions of fact existed as to a defendant's participation in allegedly illegal conduct could not be interlocutorily

appealed. — U.S. at — — —, 115 S.Ct. at 2158–59. Here, Movants base their request on the ground that they are entitled to qualified immunity from suit because there is no evidence that they participated in any discriminatory conduct. This is a fact question; at base, whether we correctly determined that Christy's evidence rises above the level of a mere scintilla of evidence described in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

Because Defendants pose no legal question to be resolved, we cannot certify their appeal to the Third Circuit under 28 U.S.C. § 1292(b).

---

1. If this sentence intended to suggest that this court found no evidence in the record to support Christy's side yet sent the case to trial anyway, then there would, in fact, be a legal issue as to the correct summary judgment standard. Movants, however, do not contend that we applied the wrong standard, but rather that we implemented that standard incorrectly.

2. Movants correctly find fault with this Court's use of the words "contention" and "allegation" on pages 14 and 16 of our November 6, 1995 Memorandum. "Contention" is found in a discussion of the evidence Christy had proffered to

rebut Defendants' Motions for Summary Judgment and "allegation" is found in a discussion of the theory of Christy's case. Although we used the words "contention" and "allegation" instead of "evidence" and "averment" we believe it is clear from the context that it was, in fact, Christy's evidence that we examined and found sufficient to create genuine issues of material fact. Lest there be any doubt, however, we now clarify that this Court looked to Christy's specific evidence, not the allegations is his complaint or in his pleadings, and that any language to the contrary should be disregarded.